AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ARON MCKILLIPS ) | Case No.  3:22-MJ-5368 |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

❏ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❏ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ❏ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
        ❏ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
§ 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
        ❏ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
        ❏ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
        ❏ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
        ❏ **(e)** any felony that is not otherwise a crime of violence but involves:
           **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
           **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
    ❏ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
    ❏ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
    ❏ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

   ❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

   ❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

   ❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

   ❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

   ❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

   ❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

   **OR**

   ❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III - Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❏ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

   ☑ Weight of evidence against the defendant is strong
   ☑ Subject to lengthy period of incarceration if convicted
   ☑ Prior criminal history
   ❏ Participation in criminal activity while on probation, parole, or supervision
   ☑ History of violence or use of weapons
   ❏ History of alcohol or substance abuse
   ☑ Lack of stable employment
   ❏ Lack of stable residence
   ❏ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

- ❒ Lack of significant community or family ties to this district
- ❒ Significant family or other ties outside the United States
- ❒ Lack of legal status in the United States
- ❒ Subject to removal or deportation after serving any period of incarceration
- ❒ Prior failure to appear in court as ordered
- ❒ Prior attempt(s) to evade law enforcement
- ❒ Use of alias(es) or false documents
- ❒ Background information unknown or unverified
- ❒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Please see attached.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 12/19/2022          /s/ Darrell A. Clay
                          United States Magistrate Judge

*United States v. Aron McKillips*
Northern District of Ohio, Case No. 3:22-MJ-5368-DAC

## Statement of Reasons for Detention

On October 31, 2022, Aron McKillips was charged by Criminal Complaint with unlawful possession of a machine gun, in violation of 18 U.S.C. §§ 922(o), and interstate communication of threats, in violation of 18 U.S.C. § 875(c). If convicted of unlawful possession of a machine gun, Mr. McKillips faces up to 10 years of imprisonment; up to a $250,000 fine; up to 3 years of supervised release; and a $100 special assessment. If convicted of interstate communication of threats, Mr. McKillips faces up to 5 years of imprisonment; up to a $250,000 fine; up to 5 years of supervised release; and a $100 special assessment. There is no presumption of detention in this matter.

The government requested that Mr. McKillips be detained pending trial. Mr. McKillips proposed to be released on the following conditions:

- Reside with his mother, T.M., at her home in Sandusky;

- His mother and his brother (J.B.) serve as third-party custodians; and

- No access to any device that is operating with a connection to the internet.

According to the affidavit of FBI Special Agent Jon G. Gruenberg in support of the Criminal Complaint, Mr. McKillips "is a well-known member of the Boogaloo Boys," which is alleged to be "an anti-government extremist group." (ECF #1 at PageID 3).[1] He is also alleged to be

---

[1] Last month, in an order denying a defendant's motion to revoke an order of detention, the Court in *United States v. Krol*, No. 22-110(RC), 2022 WL 16948611 (D.D.C. Nov. 15, 2022), excerpted a more detailed explanation of the Boogaloo Boys, as follows:

> According to the Southern Poverty Law Center, "[t]he thread that binds boogaloo adherents is their belief that the country is headed toward a civil war—and that mass civil conflict of this kind is the only way for the country to right its path.... All boogaloo adherents share antigovernment beliefs and hold especially deep animus for members of law enforcement.... Boogaloo adherents support civil war and revolution against the current democratic system—something they often discuss sparking by forcing violent confrontations with members of law enforcement." Southern Poverty Law Center, Who Are Boogaloos, Who Were Visible at the Capitol and Later Rallies? (Jan. 27, 2021), https://www.splcenter.org/hatewatch/2021/01/27/who-are-boogaloos-who-were-visible-capitol-and-later-rallies.

*Id.* at *9 n.11. Another court has commented that the Boogaloo "organization appears, by all accounts, to be a fledgling home for domestic terrorism." *United States v. McGibney*, No. 1:20-CR-42-HAB, 2020 WL 4746179, at *5 (N.D. Ind. Aug. 14, 2020); *see also United States v. Dahlager*, No.

1

United States v. Aron McKillips
Northern District of Ohio, Case No. 3:22-MJ-5368-DAC

a member of the New Sons of Liberty militia group, and to have travelled "to multiple jurisdictions within the United States for protests, meetings and trainings with other members of the Boogaloo Boys movement." (Id.).

At the detention hearing, the government called FBI Special Agent Elizabeth Tran. She testified that Mr. McKillips, using the screen name "prisonoh," was active on social media. Among other things, Mr. McKillips allegedly posted a photo taken from the second floor of his residence pointing a rifle out a window toward a Sandusky Police cruiser. During a subsequent search of his residence, law enforcement located what they believed was the same window and a checkered blanket similar to one depicted in the posted photo, along with an AR-style rifle. Also located were a military-style armored plate carrier, a suspected silencer/suppressor, and other firearms. Mr. McKillips' apartment contained various patches and flags containing symbols associated with the Boogaloo movement.

The government then played several recordings of audio messages Mr. McKillips allegedly shared on social media. On April 25, 2021, Mr. McKillips allegedly stated that he had attended a protest that day, that he would be "building f***ing machine guns for fun," and was ready to go "shooting mother f***ing feds in the face or f***ing cops." He also stated he was a nihilist and did "not care if I die." On July 6, 2021, Mr. McKillips allegedly stated that he was "here for f***ing violence"; that he wanted to "blow up the IRS"; that if law enforcement visited his home, there would be a "f***ing bottleneck" on the stairs; and that he "make[s] machine guns for feds." On July 21, 2021, Mr. McKillips allegedly stated that while in Michigan, he "literally handed out machine guns," purportedly referring to drop-in auto sears that can convert a semi-automatic weapon to full automatic. On September 13, 2021, Mr. McKillips allegedly stated that "in about two weeks I'm going to f***ing shoot some cops so be f***ing ready when you see it on the f***ing news."

On cross-examination, Special Agent Tran acknowledged that the photo allegedly taken in Mr. McKillips' apartment was dated April 29, 2022, and that the government had been aware of Mr. McKillips social media messages on a nearly-contemporaneous basis dating back to April 2021. She also acknowledged that Mr. McKillips was not arrested until October 21, 2022. She also conceded that none of Mr. McKillips threats had come to fruition.

T.M. then testified. Mr. McKillips has not lived with her in about three years. She currently lives with her boyfriend and her other son, J.B. She understands the obligations of being a third-party custodian and has "no reservations" about reporting Mr. McKillips if he violates his release conditions. She stated she would work with J.B. to coordinate their work schedules so that someone can be with Mr. McKillips at all times. Although she told Pretrial Services that she had no criminal history, she acknowledged on cross-examination that she was convicted of a gambling-related offense in 2020. She claimed that it was related to the operation of a skill game that is

---

21-MJ-274 (BRT) (D. Minn. Apr. 12, 2021) ("The Boogaloo Bois are a loosely organized group of anarchists espousing pro-gun and often violent anti-government rhetoric.").

*United States v. Aron McKillips*
Northern District of Ohio, Case No. 3:22-MJ-5368-DAC

located in the bar that she owns. She also conceded that she had not visited Mr. McKillips' apartment.

J.B. then testified. He stated he had confirmed his employer would rehire Mr. McKillips if he were to be released. He also confirmed his understanding of the obligations of a third-party custodian. He too told Pretrial Services that he had no criminal history, but cross-examination revealed that at age 18 he had been convicted of a marijuana offense. He is now 27. During cross-examination, he admitted having been to Mr. McKillips' apartment where he had seen weapons and a tactical vest.

Under 18 U.S.C. § 3142(g), I consider four factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Those factors are: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Having weighed all factors under 18 U.S.C. § 3142, I conclude that Mr. McKillips's release is not appropriate under the proposed conditions.

*18 U.S.C. § 3142(g)(1)*

Under the first factor, I consider the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.

Here, the § 922(o) offense involving possession of a machine gun obviously relates to a firearm, making this a "serious offense." *United States v. Berríos-Aquino*, Criminal No. 22-473 (DRD), 2022 WL 17075919, at *2 (D.P.R. Nov. 18, 2022). "This criteria, taken by itself, seems to favor detention . . . ." *Id.* I also note courts sentencing defendants convicted of a § 922(o) offense have found the offense to be so serious that they have departed upwards from the Sentencing Guidelines recommendations. *See, e.g.*, *United States v. Contreras-Delgado*, 913 F.3d 232, 244 (1st Cir. 2019) (affirming the sentence above the guideline range for "possessing a machine gun in violation of 18 U.S.C. § 922(o)"); *United States v. Rivera-Berríos*, 902 F.3d 20, 23 (1st Cir. 2018) (affirming an "upwardly variant sentence" for a "illegal possession of a machine gun"); *United States v. Severino-Pacheco*, 911 F.3d 14, 19 (1st Cir. 2018) (affirming "a sentence above the guideline range" because it "reflects the seriousness of the [§ 922(o)] offense").

A conviction for interstate communication of threats constitutes a crime of violence. *See United States v. Mjoness*, No. 20-8029, 2021 WL 4078002, at *10 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 835 (2022). This too supports pretrial detention. *See United States v. Kaetz*, No. 2:20-CR-1090-1, 2021 WL 37925, at *4 (D.N.J. Jan. 4, 2021).

3

*United States v. Aron McKillips*
Northern District of Ohio, Case No. 3:22-MJ-5368-DAC

I conclude the first factor weighs strongly in favor of detention.

*18 U.S.C. § 3142(g)(2)*

Under the second factor, I consider the weight of the evidence against the person. "This factor goes to the weight of the evidence of dangerousness [or flight risk], not the weight of the defendant's guilt." *Stone*, 608 F.3d at 948 (6th Cir.); *see also United States v. Homedes*, No. 5:22-CR-00033, 2022 WL 822153, at *6 (E.D. Ky. Mar. 18, 2022) (noting that the (g)(2) factor looks "only toward the weight of flight risk evidence, not toward the weight of proof of Defendant's guilt"). "Although a prior record of violence eases the government's burden of showing dangerousness, it is not essential." *United States v. Rodriguez*, 950 F.2d 85, 89 (2d Cir. 1991).

At the detention hearing, the government disclaimed any argument that Mr. McKillips should be detained on the basis of flight risk. I therefore pretermit further discussion of that consideration.

With respect to dangerousness, however, I find there is substantial evidence that Mr. McKillips would pose a danger to the community or any other person, even if released on proposed conditions. The affidavit in support of the Criminal Complaint, combined with the testimony of Special Agent Tran, establishes a long-standing pattern of threats by Mr. McKillips to engage in armed violence against law enforcement officers and other federal officials. While during a post-arrest interview Mr. McKillips stated that he had left the Boogaloo movement more than a year previous, there is evidence that he continued to share messages laced with violent references long after his alleged renunciation.

Conditioning his release on not having access to the internet may mitigate this threat to some degree. "Courts have repeatedly noted that, generally, prohibiting internet access to someone on release is 'a near impossibility given the internet's ubiquitous presence[.]'" *United States v. Pece*, No. 1:20-cr-186-1, 2020 WL 6263640, at *7 (N.D. Ohio Oct. 23, 2020), *quoting United States v. Galvan*, No. 3:20-cr-19, 2020 WL 4604502, at *6 (S.D. Tex. Aug. 11, 2020). As the Court noted in *United States v. Sammons*, No. 2:19-cr-107, 2020 WL 613930 (S.D. Ohio Feb. 10, 2020): "While Mr. Sammons insists that he would be without any internet access if he were released, there would be no real mechanism to enforce or police this, and the Court would need to rely on Mr. Sammons's promises to abstain. The Court is not willing to depend on Mr. Sammons's good faith, particularly given the concerning allegations present here." *Id.* at *6.

I conclude the second factor also weighs strongly in favor of detention.

*United States v. Aron McKillips*
Northern District of Ohio, Case No. 3:22-MJ-5368-DAC

*18 U.S.C. § 3142(g)(3)*

Under the third factor, I consider the history and characteristics of the person. This includes "the person's character, physical and mental condition, family ties, employment, financial drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). I also consider "whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

Mr. McKillips is 29 years old. He was born in Sandusky, Ohio, and has lived in that area his entire life. He has two children from a prior non-marital relationship. He does not have a passport and has never traveled outside the United States.

At the time of his arrest, he had been employed for approximately three months by Superior Wire and Metal Specialties, after having been laid off by his prior employer. T.M. told Pretrial Services that Mr. McKillips' employer would not rehire him if he were released.

Mr. McKillips reports having excellent health and no medical problems. He reports no current mental health conditions. He has used cannabinoids on a regular basis since age 16. T.M. stated Mr. McKillips has "anger issues" and "she will enroll him into counseling if released."

Mr. McKillips' only prior conviction was from December 2021 in Seneca County Common Pleas Court. Although originally charged with a felony violation of Ohio Rev. Code § 2923.16(B)(1) (improper handling of a firearm in a vehicle, F4), the case was resolved via a misdemeanor plea to § 2923.16(C). He was sentenced to five days in the Seneca County jail, with credit for five days served.

In telling law enforcement that he had left the Boogaloo movement, Mr. McKillip implicitly concedes that he had formerly been a member. On this point, I join in the observations of Judge Brady in *McGibney*:

> Membership in a criminal organization is a factor that can be considered in making a detention determination. *United States v. Defede*, 7 F.Supp.2d 390 (S.D.N.Y. 1998); *United States v. DiGiacomo*, 746 F.Supp. 1176 (D. Mass. 1990). True, being a Boogaloo is not illegal. Nor is it illegal to harbor anti-government sentiments. But the Court is not determining guilt or innocence at this point. Rather, it is taking stock of Defendant's history and characteristics. The Court finds that membership in an organization that advocates for a second civil war, killing law enforcement along the way, speaks poorly of Defendant's character. Accordingly, this factor weighs in favor of detention.

2020 WL 4746179, at *5.

*United States v. Aron McKillips*
Northern District of Ohio, Case No. 3:22-MJ-5368-DAC

Having considered Mr. McKillips's personal history and characteristics, I find that, on balance, they weigh in favor of potential release.

*18 U.S.C. § 3142(g)(4)*

Under this factor, I "look to more than whether or not the defendant himself has been guilty of physical violence," but also to the safety of the community as a whole. *United States v. Vance*, 851 F.2d 166, 169 (6th Cir.), *cert. denied*, 488 U.S. 893 (1988). "Consideration of this factor encompasses much of the analysis set forth above, but it is broader in scope, as it requires the Court to engage in an open-ended assessment of the 'seriousness' of the risk to public safety." *United States v. Klein*, 533 F. Supp. 3d 1, 17 (D.D.C. 2021) (internal quotations omitted). Moreover, the "danger to any person or the community" language in § 3142(g)(4) "is not limited to the danger of physical violence." *United States v. Isaacs*, 469 F. Supp. 3d 801, 804 (S.D. Ohio Apr. 7, 2020).

Notably, "there is danger inherent to the community in the unlawful possession of firearms . . . ." *United States v. Butler*, 165 F.R.D. 68, 72 (N.D. Ohio 1996). This would include possession of drop-in auto sears, which qualify as a machine gun; this is made even more concerning by Mr. McKillips alleged statement that he "literally handed out machine guns in Michigan."

Defense counsel argued that Mr. McKillips' statements should be viewed as "all bluster" because none of the threats came true. He also noted that the government had been aware of Mr. McKillips' posts for a considerable period of time before he was arrested, thus suggesting he is not a danger to the community or any other person. The former argument requires me to engage in an assessment of whether it is more likely than not Mr. McKillips will be convicted of the interstate communication of threats charge. The law is clear that I may not do this. The latter argument is moderately persuasive, but in the end simply not sufficient to overcome the grave concerns I have that Mr. McKillips poses serious danger if released at this time.

While one of the release conditions Mr. McKillips proposes is location monitoring, it bears noting that location monitoring may mitigate concerns about potential flight, but it does not ensure an accused will not continue to engage in impermissible conduct. *See United States v. Patton*, No. 20-cr-20393, 2021 WL 267778, at *4 (E.D. Mich. Jan. 27, 2021) (noting that GPS monitoring of defendant's movements "may mitigate a concern for Defendant's future court appearances, such conditions do not ease the Court's concern of his dangerousness"). As the Second Circuit has noted:

> Home detention and electronic monitoring at best elaborately replicate a detention facility without the confidence of security such a facility instills. If the government does not provide staff to monitor compliance extensively, protection of the community would be left largely to the word of [Defendants] that [they] will obey the conditions.

6

*United States v. Aron McKillips*
Northern District of Ohio, Case No. 3:22-MJ-5368-DAC

*United States v. Millan*, 4 F.3d 1038, 1049 (2d Cir. 1993) (cleaned up), *cert denied*, 511 U.S. 1006 (1994).

      I conclude the fourth factor weighs in favor of detention.

* * *

      For the foregoing reasons, having considered the evidence proffers, arguments, and all required statutory factors, I conclude that detention is warranted.